UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV206-J

SAMANTHA D. GEORGE                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Samantha George ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On February 25, 2004, Claimant filed application for supplemental security income payments, alleging that she had been disabled since May 22, 1989. After a hearing, Administrative Law Judge Richard Vogel ("ALJ") determined that plaintiff's Type I diabetes mellitus with gastroparesis and protenuria was a severe impairment that prevented performance of any past work. The ALJ further found that she retained the residual functional capacity for jobs existing in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council received additional evidence and denied review on February 28, 2008.

1

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Ms. George suffers from insulin dependent diabetes mellitus, diagnosed in 1989, when she was four years old. The ALJ found that Ms. George retained the residual functional capacity for the full range of sedentary work and concluded, based on Medical-Vocational rule 201.24, that she was not disabled. Plaintiff points out that the Medical-Vocational Guidelines ("the Grid") are designed for addressing *exertional* limitations only. She claims that the medical evidence establishes severe *non-exertional* impairments, including fatigue, pain, and blurry vision, and the assertion that she will miss eight to nine days of work each month because of migraine headaches, stomach pain and vomiting, and treating sores on her lower extremities. She argues that the ALJ erred in using "the Grid," and erred in failing to include additional impairments beyond her diabetes mellitus. The question presented to this Court is whether substantial evidence supports the ALJ's rejection of these claims. The Court concludes that the record does include such evidence.

The ALJ acknowledged that Ms. George has had several hospitalizations due to diabetic

complications. However, the ALJ stated that her glucose numbers readily come under control once she is hospitalized, suggesting that her problems stemmed primarily from noncompliance with prescribed diet. Such a circumstance does not equal "uncontrolled diabetes." In contrast to this, however, the administrative record includes notes that continue to label her diabetes "poorly controlled" as recently as August of 2005. Tr. 380. Nonetheless, the bottom line is that there is no medical opinion corroborating her claim that she is unable to work eight to nine days each month. Similarly, while there is some evidence that she has experienced difficulty with healing foliculitis lesions, there is no evidence that she has pursued treatment, or that this condition limits her ability to do basic work activities. Her salary records indicate that she has worked significant periods of time, including in non-sedentary jobs, each year since becoming an adult.

The burden of proving disability rests with the plaintiff. In this case, Ms. George has failed to point to any objective medical evidence to support her claims of fatigue, pain and gastric difficulties, migraine headaches, or other conditions that would cause her to miss significant amounts of work each month. Accordingly, the Court perceives no error in the ALJ's evaluation of her claim only with respect to exertional impairments.

Ms. George next argues that the ALJ's credibility assessment was flawed. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529©) describes the kinds of evidence, including the factors below, that the

3

adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

In this case, the ALJ evaluated claimant's testimony as "questionable" using exactly these factors. He discussed her medications (including the absence of pain medication), the records that indicate she does not always check her blood sugar regularly (this is in contrast to her hearing testimony that she checks it three or four times a day or more) and does not always follow her prescribed diet, the resolution of her symptoms with conservative therapy, absence of end organ damage, the absence of evidence supporting the frequency or severity of headaches she alleges, her daily activities, her own testimony that she could do sedentary work, and her doctor's advice to her to be as active as possible. In matters of credibility, the ALJ's findings are to be accorded great weight and deference. Villarreal v. Secretary, 818 F.2d 461 (6th Cir. 1987). The Court finds no error.

Finally, plaintiff argues that there is an absence of medical evidence to support the ALJ's

determination regarding Residual Functional Capacity. Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." Howard, 276 F.3d at 240. "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." Yang v. Comm'r of Soc. Sec., No. 00-10446-BC, 2004 WL 1765480, at *5 (E.D.Mich. July 14, 2004). Howard does not stand for the proposition that all impairments deemed "severe" in step two must be included in the hypothetical. The regulations recognize that individuals who have the same severe impairment may have different RFCs depending on their other impairments, pain, and other symptoms. 20 C.F.R. § 404.1545(e).

The ALJ observed that Ms. George's most recent work was not sedentary. Ms. George testified that her physician had advised her not to be on her feet longer than two hours. Tr. 399. The ALJ concluded that she would not be able to perform her past relevant work as a cashier or desk clerk at a hotel. Asked whether she could handle a job where she could sit for three quarters of the time for an eight hour workday, have no appreciable lifting, maybe on her feet off and on for two hours, she responded, "If I could get a job like that, that would be no problem." Tr. 400. She then went on to express concern about there being a lot of times when she would be sick and would need

5

to go home. As noted above, there is no medical evidence of such frequent absences, and the Court finds no problems with the ALJ's reliance on her testimony that she could do sedentary work.

An order in conformity has this day entered.